(Supreme Court, Special Term, Kings County. September, 1912.)

ELECTIONS (§ 144\*)—PETITION FOR INDEPENDENT NOMINATION—USE OF PARTY EMBLEM.

　　A party emblem which section 57 of the Election Law (Laws 1911, c. 891) declares shall constitute the committee emblem of the party cannot be used to obtain signatures to a petition designating an independent nominee as a candidate for member of assembly to be voted for at the party primaries.

　　[Ed. Note.—For other cases, see Elections, Cent. Dig. § 126; Dec. Dig. § 144.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the objections of William R. Foley to the board of elections of the city of New York against petition designating Edward J. Murphy candidate for the assembly. On application for an order directing that the petitions and certificates heretofore filed with the board of elections be declared invalid. Application granted.

Walter E. Warner, of Brooklyn, for Wm. R. Foley.
Charles J. Ryan, of Brooklyn, for Edward. J. Murphy.
Sanders Shanks, of Brooklyn, for Board of Elections.

KELBY, J. William R. Foley, a qualified voter and enrolled elector of the Democratic party in the second election district of the eleventh assembly district, makes objection in this proceeding to the validity of a petition designating Edward J. Murphy as a candidate for assembly to be voted for at the Democratic primaries, September 17, 1912. Objections to the validity of the certificate were duly filed with the board of elections by the petitioners. The allegations in the petition are that a petition was wrongfully circulated in behalf of Murphy bearing the official emblem of the Democratic party, namely, a star. It is admitted that the official or regular Democratic assembly district committee designated one Dietz as the regular Democratic nominee for the office of member of assembly, and after such designation was made the petitions complained of herein were printed and circulated for signature. The respondent Murphy denied that the petitions were circulated bearing the star as an emblem, but insisted that the emblem had been changed from a star to a heart before any signatures were obtained except perhaps as to a few signatures only.

I found it impossible to determine the issue of fact thus presented, and therefore directed an oral hearing before me as to the condition of the petition when circulated for signature. One of the notaries who took the acknowledgments of citizens signing the petitions testified that the petitions had the star as an emblem at the time of signature. The printer who printed the petitions in question swore that they bore the star when originally printed, that the emblem was subsequently changed by him from a star to a heart, and that the first change of emblem was so made by him on August 30th. This testimony is uncontradicted, and it follows perforce that all signatures made before August 30th were made on petitions bearing the star as an emblem. The signatures made before August 30th constitute a large majority of the total signatures. Section 57 of the Election Law (Laws 1911, c. 891) provides as follows:

"The party emblem shall constitute the committee emblem of the party. A petition for the designation of a candidate for nomination to public office or election to a party position may likewise select an emblem to distinguish the candidates designated by such petition, and such emblem shall be shown by the representation thereof upon such petition. An emblem chosen as aforesaid may be any appropriate symbol other than the coat of arms or seal of the state or of the United States, or the state or national flags, or any religious emblem or symbol, or the portrait of any person or the representation of a coin or of the currency of the United States, *or the party emblem of any party.* Conflicts in emblems shall be determined and omitted emblems supplied in the manner as far as practicable provided for by sec-

tions one hundred and twenty-five and one hundred and twenty-six of this chapter in respect to emblems to be placed upon the official ballot."

Here is contained an express prohibition in the statute against the use of the party emblem of any party. It will be observed that in this proceeding there is no question as to which nominee is the regular *party* nominee. Avowedly Mr. Murphy is an independent nominee against the regular nominee of the Democratic party committee. If this were a conflict between two independent nominees, each of whom chose the same emblem in ignorance of the nature of the emblem chosen by the other, the matter could be settled by the board of elections giving a proper emblem to each. Here, however, we have an independent nominee using the emblem of the party in direct violation of the statute. It is charged that many of the signatures could not have been obtained except by the use of the party emblem. Many of the signers, it is alleged, signed believing they were participating in a party movement. In addition to the provisions of the statute cited section 124 provides:

"Such device or emblem when so filed shall in no case be used by any other party or independent body."

Here the party emblem was used to obtain signatures to petitions intended to be used against the nominee rightfully entitled to the party emblem. Section 57 of the Election Law has been held in Matter of Hopper v. Britt, 204 N. Y. 524, 98 N. E. 86, to be valid, even though it gives a property right in the party emblem to the regular party. In fine, this whole controversy is a reargument of the much mooted question held before legislative committees, namely, whether the regular branch of the party should have the advantage of using the regular party emblem to the exclusion of other members of the party not affiliated with the regular wing. The Legislature, after many hearings on this question, in the face of the arguments against such a law passed the law in question. I am bound by the law as I find it, and have nothing to do with legislative wisdom in passing such an act. It is with some regret that I feel constrained to hold that Mr. Murphy shall not have the opportunity of contesting at his party primaries the right to a nomination at the hands of the voters of his party, but the Election Law, as I read it, leaves me no other alternative. The application for the order herein directing that the petitions and certificates heretofore filed in the board of elections be declared invalid is therefore granted.

Application granted.