Owasco Club, William Soloman and Sara Paul, Plaintiffs, *v.* Samuel Kantor and Wilhelmina F. Adams, Defendants.

Supreme Court, Special Term, New York County, August 8, 1939.

*Meyer Alterman*, for the plaintiffs.

*Hugo E. Rodgers*, for defendant Wilhelmina F. Adams.

*Sidney B. Alexander*, for defendant Samuel Kantor.

McGoldrick, J.   Plaintiffs are the executive members of the New York county committee for the seventeenth Assembly district (West Side), borough of Manhattan, of the Democratic party.   They have joined with them as plaintiffs the organized club of the district representing that Democratic party.   The individual plaintiffs are now candidates for the party positions of county committeeman and county committeewoman.   Defendants are also candidates for the same positions.   The action is for

an injunction to restrain the defendants from using the words "regular," "executive members," "New Deal Democracy," "regular Democratic organization, 17th Assembly District (West Side)," or "Democratic" or "Democracy," in connection with defendants' designations to party positions. This controversy arises from an impending primary contest involving an election of new county committeemen and women, and resulting in the election of new executive members as a result thereof.

The tradition of such primary elections, it is true, is to avoid any appearance in the actual voting between one side, which calls itself regular, and another side, which might be termed insurgent. Both sets of candidates are deemed to be Democrats and on the same level at the actual time of voting. On the other hand, until the particular organization which the plaintiffs represent in the district is actually voted out through the election of another set of delegates in opposition, that organization and the executive members of it are exclusively entitled to represent themselves as the regular party organization of the district. It is true that the use of the word "regular" by the incumbent organization might seem to give those candidates a certain advantage over the others, but the course of usage has made the word "regular" synonymous with "incumbent" and is not deemed to stigmatize the opponents as irregular. In any event, while plaintiffs have the right to use the expression "Regular Democratic candidates" without capitalizing the fact by calling their opponents insurgents, defendants have absolutely no right to mislead prospective voters by using the designation "regular." In the circulation of nominating petitions the prospective electors are entitled to know whether they are signing to continue the incumbent organization or to choose a set of members committed to a different policy. Anything which tends to confuse by leading prospective electors to believe they are signing plaintiffs' petitions when they are signing those of defendants is a species of fraud and does not commend itself to equity.

The use of the word "Democratic" or "Democracy" by the defendants is another species of unfair practice. They are unincorporated, but are, nevertheless, a *de facto* organization. As such they should not be permitted to use such designations when they would be prohibited from so doing without consent of the regular organization if they attempted to obtain approval for a certificate of incorporation. (Membership Corp. Law, § 10, subd. 7.)

Consequently, the use of the term "regular Democratic" should be enjoined, and likewise the use of the words "Democracy" in the

expression " New Deal Democracy " and " Democratic " in the expression " regular Democratic organization." As to the words " New Deal " and " executive members," this is to be said: There is *prima facie* no unfair competion in the use by the defendants of the term " New Deal," provided they do not use the word " Democracy " or " Democratic " with it; nor is there any confusion in the use of the term " executive members " if it is limited to the name of the club which does not bear the word " Democratic " as a part of its title. The term " executive members " becomes a subject of unfair competition only when used in connection with the word " Democratic," thus giving prospective voters the impression that the " executive members " represent the recognized leaders of the regular organization.

The motion for a temporary injunction is granted as indicated, upon plaintiffs furnishing an undertaking in the sum of $1,000. Settle order on one day's notice.