CHARLES PERILLI, as President, etc., and Others, Plaintiffs, *v.* TAMAWA CLUB, INC., and Others, Defendants.

Supreme Court, Special Term, New York County, August 29, 1939.

*Elmer F. Quinn*, for the plaintiffs.

*Thomas C. Chimera* and *Joseph J. Cella*, for the defendants.

PECORA, J. This is an application for an injunction *pendente lite* to restrain the defendants from using the word " Democratic " in the name of their organization. The relief demanded is based upon a claim of misrepresentation or unfair competition on the part of defendants which is liable to mislead the voters of the district. One of the defendants is Tamawa Club, Inc., which is a membership corporation organized especially " To promote  *  *  * the policies and objects of the Democratic Party." The organization has a clubhouse and in connection with the placards upon the buildings, literature, etc., there is the name Tamawa Democratic Club. There is also the name of the defendant, Carmine G. DeSapio, who is designated as " Executive Leader."

Plaintiffs' grievance is, *first*, that the use of the word " Democratic " in connection with the activities in the Tamawa Club tends to confuse the public; and, *second*, that the use of the word " Democratic " tends to introduce confusion among the voters who are requested to sign petitions for members of the county committee of the Democratic party. Plaintiffs' right to complain is based upon their being in control of the official Democratic organization of the district and interested in the coming primary election for members of the county committee in which the organization designees are being opposed by those espousing the cause of DeSapio. The grievance as to the use of the word " Democratic " on the clubhouse building in connection with the Tamawa Club, or in any literature connected with the name of that club, is undoubtedly well founded. If the word " Democratic " is intended to designate the Tamawa Club, Inc., it constitutes a misuse of the corporate title. To be used as the name for an unincorporated club, closely allied with the Tamawa Club, it is a species of indirect deception, being barred from using the word " Democratic " in the official corporate name by reason of section 10 of the Membership Corporations Law. Defendants endeavor to introduce the name by the back door by professing to be an unincorporated organization. They are still a *de facto* corporation, as is said by

Mr. Justice McGoldrick in *Owasco Club* v. *Kantor* (171 Misc. 960). What they cannot use as a corporation *de jure* they should not be permitted to use as a corporation *de facto*.

Defendants say they are really a political committee under section 320 of the Election Law to promote the candidacy of DeSapio. Even as a political committee they would not be permitted to use the name " Democratic " as the name of the committee, even though they professed the principles of the Democratic party, without permission of the official party itself. That is intended to avoid confusion in the minds of the voters. The confusion is further accentuated by the use of the phrase words " Executive Leader," which tend to create the impression by reason of the secondary meaning connected with it, that it is the official Democratic organization of which DeSapio is the leader.

If the so-called political committee, under section 320, were running candidates for *election* in opposition to those of the regular Democratic organization, it surely would be prohibited from using the word " Democratic " in its designation, even though it used the word " Independent " in connection therewith. The fact that it is merely using that title in a primary campaign against other Democratic parties does not permit it to use the name " Democratic " in the title of the committee. If the title of the committee were " Committee to Promote the Election of DeSapio as Democratic Leader of the First Assembly District " there might be no objection, provided it was not coupled with the word " official " or " regular." It would not tend to confuse the voters and it might be reconciled with the purposes of section 320.

Such committee might also circulate petitions to show that the candidates whose election it is advocating are, if elected, to represent the county committee of the district in the Democratic party. The defendants disclaim the use of the word " regular " or " official." On the other hand, they claim the right to the title " Democratic " in the designation of the name of their group. In this contention they are in error. The use of the name should be enjoined except in the manner mentioned herein. The words " Executive Leader," when used without the designation " Democratic," do not then become a matter of serious moment.

No mention has been made of the other factor of which the plaintiffs complain, that the designation " Democratic " on the placards in the building is apt to suggest to the unwary that such club is the center for any one who desires to establish contact with the official Democratic organization of the county. This is an additional factor for restricting the use of the title.

The motion for an injunction is granted to the extent indicated. Settle order providing for an undertaking in the sum of $1,000.