C. WILLIAM RICH, as Chairman of the Republican County Committee of Putnam County, Plaintiff, *v.* WALTER R. STORER, as President of Putnam-Patterson Republican Club, et al., Defendants.

Supreme Court, Trial Term, Putnam County, November 1, 1945.

*Ryder & Donohue* for plaintiff.

*Bradford Klock* for defendants.

HINKLEY, J. This is the return of an order to show cause asking that defendants be enjoined from displaying a certain sign containing the name of an independent candidate for Supervisor in close proximity to and on the same building occupied by the defendant club which defendants represent, and enjoining defendants from using the name "Republican" and the Republican emblem the "Eagle" upon its literature. This application is made on the eve of an election and summary jurisdiction is given to this court by subdivision 3 of section 330 of the Election Law.

The salient facts upon this application are not seriously in dispute. The defendant club by a majority vote of its membership endeavors by indorsement for election of two defeated candidates at the regular Republican primary to defeat the two candidates selected by the duly enrolled voters at such primary. The offices concerned are that of Supervisor and Tax Collector. There is no suggestion of intentional deceit or fraud upon the part of the defendant club or its officers or members. Nor have they done anything to bring themselves within the prohibition of section 783 of the Penal Law. There is no doubt but that the defendant club was formed and remains a Republican club and that in the main its efforts are directed toward the election of a great majority of the candidates duly selected at the Republican primary. Neither is there any doubt but that the use by the defendant of the word "Republican" in its title does add to the confusion of the election if it does not actually deceive the voters. This confusion and/or deception is certainly increased by the use by defendant of the Republican emblem, the time-honored and significant "Eagle", which is a guide both to the literate and the illiterate in the exercise of their franchise. The defendant is an unincorporated association. To paraphrase an apt quotation: Defendant cannot introduce a name or an emblem by the back door. What it could not use as a corporation *de jure* it should not be permitted to use as a corporation *de facto*. (*Perilli* v. *Tamawa Club, Inc.*, 172 Misc. 24, 25.) The jealousy with which the Legislature and the judiciary have guarded the use of the recognized name of political parties is of long standing. "The object of this prohibition [against infringement of party names]

is clear [Election Law of 1896, ch. 909, § 57, now Election Law, § 137, subd. 3]. It is to prevent an independent nomination from going under the guise, or name, or credit, of an organized political party. The language is explicit. There can be no doubt as to its meaning. It absolutely prohibits the certificate of an independent nomination including the name of an organized political party." (*Matter of Smith,* 41 Misc. 501, 503.) In the case last cited the court protected the unauthorized use of the word " Republican ". In *Owasco Club* v. *Kantor* (171 Misc. 960) and *Chambers* v. *Ben Greenman Ass'n.* (269 App. Div. 938), the courts restrained the unauthorized use of the word " Democratic ".

The sanctity and exclusive use of the " Eagle " as the emblem of the Republican Party has likewise been well guarded and has been prevented from being employed in the interest of one who, having been defeated in a duly constituted party primary, solicits votes for himself or herself as an independent candidate. (Election Law, §§ 20, 137, subd. 3; 1913 Atty. Gen. 573, 576; *Matter of Foley* v. *Murphy,* 77 Misc. 638.) It must follow that what an individual cannot do the defendant club, its officers and members cannot do in his or her behalf. Surely the defendant membership corporation has no greater power than that of a political party organization elected by the duly qualified voters. There is a clear line of distinction between the right of each individual member of the defendant club to act as he or she chooses and the right of the defendant to campaign as a body for an independent candidate aided by the unauthorized use of the name " Republican " and the Republican emblem the " Eagle ". The court is in duty bound to protect the public from being confused or deceived by advertising matter put out by this defendant club by resolution of a majority of its membership. The court must restrain the defendant club, its officers, its membership as members in the use of the name " Republican " and the " Eagle " emblem, particularly in view of the fact that by the unauthorized use of the name and emblem they are attempting to defeat the election of those persons who were chosen by the electors as the party candidates. (*Fay* v. *O'Connor,* 169 Misc. 466, 468.)

This decision is in the nature of a juridical abstraction. It is uninfluenced by those portions of the affidavits which discuss the relative merits and demerits of the various candidates. Likewise is it air-conditioned against the heat of these typical Hudson Valley political campaigns which no doubt inspired by the tale of the headless horseman and the current spirit

of Halloween reincarnate in the hills of Putnam County the tall gaunt form of Abraham Lincoln and cause him to reach across into the neighboring city of Yonkers and aided perhaps by a modern ghost writer wield again the mighty pen which gave to posterity the immortal Gettysburg address. Injunction *pendente lite* is ordered prohibiting the defendant club, its officers and members from displaying upon the building which it occupies and from employing the word " Republican " and the emblem " Eagle " upon any literature, signs or advertising matter which seeks to further the candidacy of any candidate save those chosen by the electorate at the recent primary.

Settle order Friday, November 2, 1945, at 10:00 A.M. at Trial Term, Part II.