RICHARD JEWTRAW, Respondent, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

Third Department, May 7, 1952.

*Charles B. Sullivan, Bruce R. Sullivan* and *Harold R. Soden* for appellant.

*John T. De Graff* and *Clifford W. McCormick* for respondent.

FOSTER, P. J.   This is an appeal by the defendant from an order of the Supreme Court which directed summary judgment in favor of the plaintiff for $11,427.73, and from the judgment entered thereon.

The action was brought pursuant to paragraph (b) of subdivision 1 of section 167 of the Insurance Law, to recover, under the terms of an automobile insurance policy issued by appellant, to one Davis, the amount of a judgment recovered by respondent against Davis for personal injuries sustained by respondent while riding in Davis' automobile in the Province of Ontario, Canada.   The complaint in the basic action alleged that respondent was an employee of Davis.   The answer denied employment and alleged that respondent was a gratuitous guest.   Under the Highway Traffic Act of Ontario a gratuitous guest may not recover for personal injuries against the owner of an automo-

bile. (3 Rev. Stat. of Ontario [1937], p. 3917.) The jury found for the respondent in a trial held in this State, and implicit in their verdict under the trial court's charge was a finding that respondent was an employee of Davis.

The policy of insurance issued by appellant to cover Davis in the operation of his automobile contained this clause: " Exclusions: This policy does not apply * * * (d) Under Coverages A and C, to bodily injury to or sickness, disease or death of any employee of the Insured while engaged in the employment, other than domestic, of the Insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law ".

In the present case the defenses of appellant insurance company are: (1) under the exclusion clause quoted the policy did not cover respondent's injuries; and, (2) that it defended the basic action under a nonwaiver agreement with the assured. Respondent contends that appellant is now estopped from disclaiming liability under its policy on the ground that it failed to assert a defense in the basic action that was available to its assured, namely the Workmen's Compensation Act of this State. The Trial Term granted summary judgment against appellant on the theory that the Workmen's Compensation Act, not having been raised on the basic trial, is not available to appellant in the present case. This theory seems of doubtful validity. It is true that on appeal from the basic judgment appellant sought to raise an issue of workmen's compensation and this court held it could not do so for the first time on appeal (*Jewtraw* v. *Davis*, 277 App. Div. 918). In the present case appellant does not raise that issue. To the contrary it takes the position that the exclusion clause denied recovery to all employees, other than domestics, irrespective of whether they were entitled to benefits under any Workmen's Compensation Act. If this position is correct, and appellant is not estopped from asserting it, judgment for appellant should follow.

We have two main issues: (1) whether the language of exclusion clause (d) clearly excludes employees, other than domestics, irrespective of compensation benefits; (2) whether appellant by its conduct is estopped from asserting it. The duty of construction rests upon the court. In discharging this duty the court must consider not only the language of the clause itself but also any other pertinent provisions of the policy. There is another exclusion clause in the policy which provides: " This policy does not apply: * * * (e) under Coverage A to any

obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law ''.

'' Coverage A '' refers to bodily injuries and is common to both clauses (d) and (e). Reading the two clauses together it is quite clear (d), so far as claims for personal injuries are concerned, excludes all employees, other than domestics not covered by workmen's compensation, irrespective of compensation benefits. If this is not so then clause (e) is superfluous. In our opinion the language of (d) if read alone is clear enough, but certainly when the two clauses are read together no ambiguity appears in either. While not necessarily controlling, it is a fact of some significance that the policy and all of its terms are in the standard form filed with the Insurance Department of this State.

There still remains the issue of whether appellant is estopped from denying coverage under clause (d). Quite apart from that clause it was appellant's duty, since it undertook the defense of its insured, to assert every proper and available defense in his behalf. It did not, in the basic action, assert a defense of workmen's compensation liability in the face of respondent's claim that he was an employee. If the proper facts to support it existed the Workmen's Compensation Act of this State might have been an appropriate defense. The act is compulsory and establishes the public policy of this State. It limits an injured employee's remedy to compensation, where the employment may be said to be New York employment and the employer has complied with the act, even though the injury may have occurred in another State (*Bagnel* v. *Springfield Sand & Tile Co.*, 144 F. 2d 65; Restatement, Conflict of Laws, § 401). And we assume the same rule applies where, under like circumstances, the injury is sustained in another country. If the case is tried here the public policy of this State must prevail. The ordinary rule of *lex loci* as to liability does not apply where public policy is involved (Restatement, Conflict of Laws, § 612).

Thus the fact that the tort complained of in the basic action took place in Canada would not bar the application of the Workmen's Compensation Law of this State since the employment may be said to be New York employment and the action was tried here. However this defense is not available simply because an employee relationship is alleged. If an employer fails to secure the payment of compensation for an injured employee the latter may, at his election, resort to an action at common law (Workmen's Compensation Law, §§ 11, 50). Hence in this case if the insured had failed to secure the payment of

compensation for his employee the alternative remedy of an action at common law was available to the respondent, and the Workmen's Compensation Act of this State would not have been a good defense. Needless to say, under such circumstances, the appellant was not obliged, in the exercise of good faith, to plead a defense that clearly would have been useless. Strangely enough the record before us does not reveal whether the insured had secured the payment of compensation for respondent as an employee. Presumably he did not, for he denied in the basic action that respondent was his employee; but the fact, whatever it is, should be in the record so that the principles we have adverted to may be correctly applied.

Otherwise, and on the general issue of good faith, the record does not warrant a summary judgment in favor of respondent. It does not appear as a matter of law that appellant improperly assumed the defense of the basic action. From the affidavits submitted in behalf of appellant it appears that the insured was fully informed by representatives of the company as to the exclusion clause (d), and that the company did not waive any of its rights under the policy by defending the action. The insured says in his affidavit that he acquiesced in this arrangement. All the company was bound to do was to give fair notice to the insured that it did not intend to waive its rights under the policy by proceeding with a defense of the action (*Mason-Henry Press* v. *Aetna Life Ins. Co.*, 146 App. Div. 181, affd. 211 N. Y. 489). We have taken, of course, the factual basis as alleged by appellant. If this basis is correct respondent cannot sustain a judgment thereon. His rights are the same as those of the insured, no greater and no less (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *Fox* v. *Employers' Liability Assur. Corp.*, 243 App. Div. 325, affd. 267 N. Y. 609). In view of the affidavits submitted by appellant the credibility of appellant's affiants must be left to a trial for determination. Unless the issue of estoppel is clearly one of law in cases of this character the question is for a jury (*Gerka* v. *Fidelity & Cas. Co.*, 251 N. Y. 51). Cases cited by the respondent are either distinguishable on the facts or not at variance with the views we have expressed.

The judgment should be reversed, and the case remitted to the Trial Term, with costs to the appellant to abide the event.

HEFFERNAN, BERGAN and COON, JJ., concur; BREWSTER, J., concurs in the result, in the following memorandum: As regards plaintiff's status in relation to the insured, Davis the

main action merely determined that under the law of Ontario he was not a " gratuitous guest " of the latter at the time of the accident. It did not as a matter of law determine his status as regards the exclusion provision in defendant's contract with the insured.

I agree that the defense, asserted in the main action on behalf of Davis, that he was a guest, does not preclude or estop appellant from now asserting to the contrary, viz.: that such status was that of an employee within the meaning of the exclusion provision in its insurance contract with Davis.

Just what the legal relation was which the fellow travellers bore to each other on their trip to Canada, and at the time of the accident, seems to me somewhat puzzling. Plaintiff appears to have had somewhat of a hybrid status as between having been a guest or employee of Davis. His journey as the latter's companion fits neither classification as a matter of law. Whether under all the facts appertaining to the arrangement under which the trip was undertaken, plaintiff, at the time of the accident, was an employee of the insured and engaged in the employment within the meaning of the exclusion provision in defendant's contract with the insured, such I think is a question of fact.

I concur for a reversal and a new trial.

Judgment reversed, and a new trial directed, with costs to appellant to abide the event.