• Elbert T. Gallagher, J.
This is a motion in an action for a permanent injunction and seeks, first, for an order amending the summons and complaint by making certain changes in the parties and, second, a temporary injunction restraining defendants and the Good Government Republican Club, an unincorported association, from continuing the use of the word
*1049 or weight to accord the policy of the contract State, at the same time we find that the contract State equally is given a free hand in these words (Sheerin v. Steele, 240 F. 2d 797, 802, supra): “With respect to the exclusive remedy policy of Missouri * * * Missouri could adopt and enforce that policy in Missouri if it chose to do so, and that ‘ Arkansas can adopt Missouri’s policy if she likes ’ ”; Missouri being the place of the employment contract and Arkansas the situs of the accident.
It would ill befit a New York court as the State where the contract was made to refuse to enforce its own public policy when called upon to do so. As was said in Jewtraw v. Hartford Acc. & Ind. Co. (280 App. Div. 150, 153): “ If the case is tried here the public policy of this State must prevail. The ordinary rule of lex loci as to liability does not apply where public policy is involved (Restatement, Conflict of Laws, § 612).”
I think it must be held that subdivision 6 of section 29 of the Workmen’s Compensation Law in confining a workman to an exclusive remedy under the act vis-a-vis a fellow worker, is as much a part of the public policy of the State as subdivision 1 for instance, which preserves his right of action against a third-party wrongdoer. As was held in Williams v. Hartshorn (296 N. Y. 49) the act is a comprehensive scheme for regulating the injured employee’s rights not only against his employer, but as against the “ employing organization ” as well.
In the case of Jewtraw v. Hartford Acc. & Ind. Co. (supra) the Appellate Division in the 3d Department has indicated by way of dicta that the exclusive remedy of the compensation law would have been applicable to an accident which took place in Canada, involving an employer-employee relationship, had there been a showing of compensation coverage so as to bring the case within the terms of the act, which is some indication of the attitude we may expect New York courts to take.
The Federal Court of Appeals for the Fourth Circuit in Ohlhaver v. Narron (195 F. 2d 676) adopted a similar construction of the extra-territorial effect of the New York statute when it sustained the sufficiency of a defense based on that enactment, between coemployees of a New York corporation who were involved in an automobile accident in North Carolina while on company business, and who had been paid compensation insurance under the New York law.
For all of these reasons the action must be dismissed as to the defendant Boat.
As to the other defendant, Casale, Inc., since New Jersey has no statute such as our section 59 of the Vehicle and Traffic Law, ownership of the trucks is not enough to charge it with liability.
*1051 “ Republican ” in the club name and in connection with various forms used in the club activities, as well as the circulation of primary nominating petitions allegedly so closely approximating the petitions used by the Westchester Republican County Committee as to be misleading to the voters.
The action is brought on by order to show cause and has annexed to it a proposed amended summons to change the parties defendant in accordance with the prayer for relief, and a proposed amended complaint which contains the same amendments in the title as well as other extensive additions in the subject matter of the allegations. No specific request is made for an order permitting service of the amended summons and complaint but, since the time to amend the complaint as of right has expired, it is assumed that such relief is sought under the prayer for other and further relief. No other significance can be given to the attaching of the amended complaint.
The original summons and complaint were before this court on an order to show cause seeking the same relief except for the change in parties now sought. On the return of that motion a cross motion was made to dismiss on the grounds that the complaint failed to state a cause of action, lack of capacity of plaintiff to sue, and improper parties defendant. Proceedings under the first motion were stayed by the instant order to show cause. The proposed amendment to the parties would appear to meet the third ground of the cross motion. Such an amendment is largely a matter of procedure and should be granted under the authority of Motor Haulage Co. v. Teamsters’ Union (298 N. Y. 208). Permission to serve the amended summons and complaint is also granted. The balance of the cross motion, being addressed to the original complaint, must fall with it, but no temporary injunction can be granted if the complaint fails to meet the requirements of the two remaining grounds of that motion. (Challenger v. Household Finance Corp., 179 Mise. 966; Eastern Farms Prods. v. Wampsville Dairymen’s Corp., 173 Misc. 413; Goldman v. Corn, 111 App. Div. 674.) Considering first the objection to the plaintiff as the proper party to bring this action, it appears to this court that if the main theory of the complaint is held to be good and rights in the use of the word “ Republican ” are being violated, then an action to enforce those rights may be brought by any one entitled to the proper use thereof, including but not limited to the plaintiff. It necessarily follows that the plaintiff is a proper party if the complaint states a cause of action.
This brings us to the consideration of the first of the two main questions presented — does the complaint state a cause of action?
*1052 A group of Republicans in the City of Mount Vernon have banded themselves in an unincorporated association known as the Good Government Republican Club for the purposes of opposing the presently constituted Republican City Committee and seeking to replace the members of that committee with its own members and others who agree with it. Let it be said that such purposes are entirely legal and entirely familiar in the American political scene. The question is whether, in pursuing these legitimate aims, the defendants have limited themselves to means which are within the law, or whether they have gone beyond the practices legally allowed. And this resolves itself largely into a question as to whether the steps taken by defendants, whether intentionally or not, tend to mislead and confuse the voters.
The Good Government Republican Club has offices with the name of the club on the windows. It has stationery which it has used in its campaign with that name on it, together with the eagle, which is the official emblem of the Republican party. It has issued press releases and its officers have made statements in the name of the club. It has formed political committees which are in effect organizations of the club. It has circulated petitions for the designation of candidates for party office in the forthcoming primary. It is the position of the plaintiff that all this activity done by the club using the word ‘ ‘ Republican ’ ’ in its title could not have been done by the club if it were a membership corporation without having obtained plaintiff’s consent to the use of the word ‘ ‘ Republican ’ ’ in its title under section 10 of the Membership Corporations Law, that what it cannot do directly it cannot do by indirection and that the club is a de facto corporation and therefore subject to the prohibition of said section. This position seems to be sustained by ample authority. (Chambers v. Greenman Assn., 58 N. Y. S. 2d 637; Rich v. Stores, 186 Misc. 87; Owasco Club v. Kantor, 171 Misc. 960; Perilli v. Tamawa Club, 172 Misc. 24.) The use of-the word “ Republican ” in the title of the club, whether on the windows of the office, on stationery, in connection with committees, in press releases or in any other manner would seem to fall within this prohibition. The same logic would prohibit the use of the eagle, which is the symbol of the Republican party.
The word “ Republican ” is also used on the nominating petitions circulated by defendants, but the club name does not appear thereon. Since these petitions are to nominate persons for Republican party offices, it is necessary to so state. However, the primary petitions presented to this court and used by defendants are so exceptionally similar in appearance to the *1053 ones issued by the Westchester Republican County Committee as to give rise to a much larger possibility of misleading the voters than any use of the word ‘ Republican ’ ’ in the name of the club. Both are headed ‘ ‘ Republican Party Designating Petition — 1953. City of Mount Vernon, N. Y.” Practically the only difference in the appearance of the two sets of petitions is in the names that appear thereon and a person desirous of signing the petitions of the incumbents but not closely familiar with the names involved, upon presentation of the defendants’ petitions might be very easily misled. That is the very situation which the courts were attempting to prevent in the injunctions issued in Owasco Club v. Kantor and Perilli v. Tamawa Club (supra).
Defendants have raised the point that plaintiff’s papers fail to show that anyone has actually been misled in the premises, and point to the fact that all their correspondence and all their publicity and their public statements have centered on the fact that they are not the incumbent group and that they seek to unseat the incumbent group. It is not, however, the actual deceit which controls, it is the danger that there might be confusion. (Fay v. O’Connor, 169 Misc. 466, affd. 257 App. Div. 815, affd. 281 N. Y. 849; Mark Realty Corp. v. Kirsch, 180 App. Div. 549.) The possibility of confusion in the case at bar appears to this court to be extremely apparent.
For the reasons above stated, it is the opinion of this court that the complaint does state a cause of action.
There remains for consideration the question as to whether the damage which would flow would be irreparable if the matter were to await trial. The primary election in connection with which the present activities are being had will be held in September. The designating petitions for that primary must be filed in the immediate future. As stated above, the greatest possibility for misleading the voters herein is in connection with these petitions. The use of the club name in its various forms has been going on for some time, despite notice to defendants to discontinue such practice. Since a cause of action is stated in the complaint, and since the greatest possibility of damage lies in the period between now and the time this matter could be tried, this court feels that to deny the temporary injunction would render the rights herein sought to be protected useless in the present circumstances.
For the reasons herein set forth, the motion to amend the summons and complaint is granted and permission granted to serve the said amended summons and complaint, and the motion for a temporary injunction is granted upon the filing of a bond in *1054 the penal sum of $1,000, The court further directs that a note of issue be filed for the October Term of this court and that the case be set at the head of the calendar for the trial of equity cases for that term. Further, in view of the time element in the matter, the court directs that an order herein be settled on notice forthwith,