78 So.2d 104 (1955)
The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, Garnishee, Appellant,
v.
H.W. OWENS, Plaintiff-Appellee,
E.L. Cooksey, Defendant-Appellee.
Supreme Court of Florida. En Banc.
February 4, 1955.
Rehearing Denied March 10, 1955.
Marks, Gray, Yates & Conroy and Francis P. Conroy, Jacksonville, for appellant.
Dunham & Dunham, St. Augustine, for appellees.
Richard W. Ervin, Atty. Gen., James L. Graham, Jr., and Howard S. Bailey, Asst. Attys. Gen., amici curiae.
DREW, Justice.
Appellee J.W. Owens recovered a judgment in the St. Johns County Circuit Court against E.L. Cooksey, also an appellee herein, for injuries sustained by Owens as employee of Cooksey while engaged in that employment and while riding in the employer Cooksey's truck. Owens was not covered, nor required to be covered, by Workmen's Compensation insurance. In an effort to collect on this judgment, Owens garnisheed The Employers' Liability Assurance Corporation, Limited, which had insured Cooksey under a standard automobile liability insurance policy. The lower court entered a summary judgment in favor of Owens against the insurer and the insurer brought this appeal.
The provisions of the policy of insurance involved in this appeal which are pertinent to the discussion of this case are the following:
"The Employers' Liability Assurance Corporation Limited * * * Agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium *105 and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy:
"  Insuring Agreements 
"1. Coverage A  Bodily Injury Liability

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"Coverage B  Property Damage Liability
"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"Coverage C  Medical payments
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named Insured or with his permission."
* * * * * *
"  Exclusions  "
"This policy does not apply:
"(a) Under any of the coverages, while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy and premium charged therefor;
"(b) under any of the coverages, to liability assumed by the Insured under any contract or agreement;
"(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the Insured and not covered by like insurance in the Company; or while any trailer covered by this policy is used with any automobile owned or hired by the Insured and not covered by like insurance in the Company;
"(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the Insured while engaged in the employment, other than domestic, of the Insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;
"(e) under coverage A, to any obligation for which the Insured or any company as his insurer may be held liable under any workmen's compensation law;
"(f) under coverage B, to injury to or destruction of property owned by, rented to, in charge of or transported by the Insured;
"(g) under coverage C, to bodily injury to or sickness, disease or death of any person if benefits therefor are payable under any workmen's compensation law."
It is the basic contention of the appellant insurer that all employees of the insured, except domestic employees (and these if benefits are payable or required to be provided under any workmen's compensation law), are excluded from coverage under paragraph (d) of the exclusions and that, therefore, it is not liable as garnishee or otherwise for the amount of the judgment recovered by the employee of the insured.
On the other hand, the appellee Owens argues that clause (d) under exclusions must be limited to employees protected by or required to be protected by the provisions *106 of the Florida Workmen's Compensation Law, F.S.A. § 440.01 et seq., with the exceptions of domestics as noted above. He further argues that if clause (d) is ambiguous, it should be construed in favor of the assured.
In the case of Webb v. American Fire & Casualty Co., 148 Fla. 714, 5 So.2d 252, an exclusion clause in a similar policy was before us. While the exclusion provision in that policy was not in the identical language as that in the policy now under consideration, we think the language of the two clauses are so substantially the same that the decision in the Webb case is controlling here. The pertinent language in the policy involved in the Webb case was, "`This policy does not apply * * * to bodily injury or to death of the Insured; or to bodily injury or to death of any employee of the Insured while engaged in the business of the Insured (other than domestic employment in the home), or in the operation, maintenance or repair of the automobile; or to any obligation for which the Insured may be held liable under the Workmen's Compensation Law * * *.'" The ruling of the lower court which we approved was that, "the Garnishee is not liable upon the policy, because the policy does not apply if the interest of the insured is other than is stated on the policy, and because the policy does not apply to bodily injury of an employee of the insured while engaged in the business of the insured." (Italics added.)
An exclusion clause identical to that in the main case has been construed by the New York Supreme Court and there held to exclude from coverage the employees of the named insured. Jewtraw v. Hartford Accident & Indemnity Co., 280 App. Div. 150, 112 N.Y.S.2d 727; Id., 284 App. Div. 312, 131 N.Y.S.2d 745. The court with reference to this particular clause, at 112 N.Y.S.2d 727, 730, said:
"`Coverage A' refers to bodily injuries and is common to both clauses (d) and (e). Reading the two clauses together it is quite clear (d), so far as claims for personal injuries are concerned, excludes all employees, other than domestics not covered by workmen's compensation, irrespective of compensation benefits. If this is not so then clause (e) is superfluous. In our opinion the language of (d) if read alone is clear enough, but certainly when the two clauses are read together no ambiguity appears in either."
Clauses (e) and (d), referred to in the foregoing quotation, are in language identical to that of clauses (e) and (d) in the instant case.
In Security Ins. Co. v. Jay, D.C., 109 F. Supp. 87, the liability insurance policy before the court contained a clause (d) with language identical to that of clause (d) in the instant case. This language was held to exclude from coverage liability for injury to a person who was serving the insured as an employee when the accident occurred.
In the case of National Surety Corporation v. Windham, Fla., 1954, 74 So.2d 549, the language of the exclusion clause was before this Court. The appellant contended that the claimant, who was injured by its insured, was not within the terms of the policy because he was an employee of the named insured engaged in employment at the time of injury and, therefore, excluded by reason of the clause (d). This contention was rejected by this Court because we found that the complainant Windham was an independent contractor instead of an employee of the insured. Implicit in this decision is the holding that an employee of a named insured, other than domestic, is not within the terms of the policy by reason of the exclusion clause.
There are obvious reasons for differentiating between the public as a class and one's own employees. Upon the authority of the foregoing cases it is clear that the appellee Owens was not within the coverage of the liability policy issued by the appellant to appellee Cooksey. Finding no merit to other contentions of the appellees the summary judgment against the appellant is reversed.
*107 MATHEWS, C.J., and TERRELL, THOMAS, SEBRING and HOBSON, JJ., concur.
HOLT, Associate Justice, dissents.
HOLT, Associate Justice (dissenting).
J.W. Owens, appellee herein, recovered a judgment in the Circuit Court in and for St. Johns County, against his employer, E.L. Cooksey, also appellee herein, for injuries sustained in the course of his (Owens) employment, while riding in (employer) Cooksey's truck. Cooksey was insured by the appellant, The Employers' Liability Assurance Corporation, Limited, under a standard automobile liability insurance policy. Owens brought this action of garnishment against the insurer, believing that Cooksey did not have in his possession visible property upon which a levy could be made sufficient to satisfy said judgment. The Court below entered a summary judgment against the garnishee, insurer, from which it now appeals.
The position of insurer is that its policy afforded Cooksey no coverage under the facts and circumstances existing at the time Owens was injured, by reason of a provision in its policy which reads as follows:
"Exclusions
"This policy does not apply
* * * * * *
"(d) Under the coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any Workmen's Compensation Law."
Owens contends that this exclusion (1) applies only to employees who are covered or required to be covered by workmen's compensation, and (2) is in conflict with the Florida Financial Responsibility Law and therefore a nullity.
In Firemans Fund Insurance Company of San Francisco v. Boyd, Fla., 45 So.2d 499, 501, this Court stated:
"This court is committed to the rule that a contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain or ambiguous. Franklin Life Insurance Co. v. Tharpe, 130 Fla. 546, 178 So. 300; National Casualty Co. v. Zmijewski, 143 Fla. 285, 196 So. 587; Kimbal v. Travelers Insurance Co., 151 Fla. 786, 10 So.2d 728; Inter-Ocean Casualty Co. v. Hunt, 138 Fla. 167, 189 So. 240; New York Life Insurance Co. v. Kincaid, 136 Fla. 120, 186 So. 675."
In giving effect to this rule, it is equally important that the contract made by the parties shall prevail, and no new contract be interpolated by construction. Provisions clearly disclosing their real intent are not to be given a strained construction to raise doubts where none reasonably exist. Aetna Casualty & Surety Co. v. Chapman, 240 Ala. 599; 200 So. 425; McDowell v. United States Fidelity & Guaranty Co., 260 Ala. 412, 71 So.2d 64.
The language of exclusion (d) read without reference to the other provisions of the policy is clear and unambiguous. All employees, other than domestics not covered by workmen's compensation, are excluded.
The identical exclusion was construed in Jewtraw v. Hartford Accident & Indemnity Co., 280 App.Div. 150, 112 N.Y.S.2d 727, 730, the Appellate Division of the Supreme Court of New York, in which Presiding Justice Foster stated:
"* * * The duty of construction rests upon the court. In discharging this duty the court must consider not only the language of the clause itself but also any other pertinent provisions of the policy. There is another exclusion clause in the policy which provides:

*108 "`This policy does not apply:
"`(e) under coverage A to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law.'
"`Coverage A' refers to bodily injuries and is common to both clauses (d) and (e). Reading the two clauses together it is quite clear (d), so far as claims for personal injuries are concerned, excludes all employees, other than domestics not covered by workmen's compensation, irrespective of compensation benefits. If this is not so then clause (e) is superfluous. In our opinion the language of (d) if read alone is clear enough, but certainly when the two clauses are read together no ambiguity appears in either."
The policy now before the court for construction contained the same exclusion (e).
When the insurance contract in question was entered into, it was written subject to all the existing and valid Florida Statutes which were pertinent and applicable, as fully as if such statutes were written into the contract. See Poole v. Travelers Insurance Co., 130 Fla. 806, 179 So. 138; New York Life Insurance Company v. Valz, 5 Cir., 141 F.2d 1014. See also 29 American Jurisprudence, section 180, page 197.
The insurer recognized this rule of law by providing in its policy Condition 5 which reads as follows:
"5. Financial Responsibility Laws  Coverages A and B. Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state of province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."
However, in the absence of statutory provision to the contrary, insurance companies have the same rights as individuals to limit their liability, and to impose whatever conditions they please on their obligations, not inconsistent with public policy. Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., 233 Ala. 518, 173 So. 7; Rodgers v. Commercial Casualty Insurance Co., 237 Ala. 301, 186 So. 684; Kindervater v. Motorists Casualty Co., 120 N.J.L. 373, 190 A. 606.
A careful study of the Florida Financial Responsibility Law, Chapter 324 of the Florida Statutes, F.S.A., discloses that exclusion (d) is repugnant and contrary to the requirements set out therein.
Section 324.001, entitled "Purpose of chapter", provides:
"It is the intent of this chapter to recognize the existing rights of all to operate motor vehicles on the public streets and highways of this state when such rights are used with due consideration for others; to promote safety, and provide financial security by such operators whose responsibility it is to recompense others for injury to person or property caused by the operation of a motor vehicle, so it is required herein that the operator of a motor vehicle involved in an accident shall respond for such damages (italics ours) and show proof of financial ability to respond for damages in future accidents as a requisite to his future exercise of such privileges."
Section 324.04 entitled "Report of accidents; suspension of licenses", provides in part as follows:
"* * * (2) Thirty days after receipt of notice of any accident involving *109 a motor vehicle within this state which has resulted in bodily injury or death to any person, or total damage of fifty dollars or more to property, the commissioner shall suspend the licenses of the operators of the vehicles involved in such accidents and in the case of a nonresident operator, shall suspend such nonresident's operating privilege in this state, unless such operators shall prior to the expiration of such thirty days be found by the commissioner to be exempt from the operation of the chapter, based upon evidence in his files satisfactory to him that:
* * * * * *
"(d) Such operator had in effect at the time of said accident proof of financial responsibility which meet the requirements of subsection (7) of § 324.01 and § 324.02, * * *."
Section 324.01, entitled "Definitions" further provides:
"The following words and phrases when used in this chapter shall, for the purpose of this chapter, have the meaning respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning.
* * * * * *
"(7) Proof of Financial Responsibility.  That proof of ability to respond in damages (italics ours) for liability, on account of accidents arising out of the use of a motor vehicle, in the amount of five thousand dollars because of bodily injury to or death of one person in any one accident and subject to said limit for one person, in the amount of ten thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of one thousand dollars because of injury to or destruction of property of others in any one accident.
"(8) Motor Vehicle Liability Policy.  Any motor vehicle owner's or operator's policy of liability insurance insuring said owner and/or operator against loss from liability for bodily injury, death and property damage arising out of the ownership, maintenance or use of a motor vehicle in not less than the limits described in subsection (7), issued by any insurance company authorized to do business in this state."
Section 324.02, entitled "Manner of proving financial responsibility" also further provides:
"The operator of a vehicle involved in an accident within the purview of this chapter may prove his financial responsibility by:
"(1) Furnishing satisfactory evidence of holding a motor vehicle liability policy as defined in subsection (8) of § 324.01 which policy was in force at the time of the accident, * * *."
Cooksey, at the time his truck was involved in this accident, had in effect a Motor Vehicle Liability Policy written by the appellant. He entered into this contract with appellant to make himself financially responsible, i.e., to be able to respond in damages for accidents arising out of the use of his motor vehicle, in accordance with the Florida Financial Responsibility Law, section 324.02, subsection (1), supra.
It clearly appears that the Legislature did not intend that employees be excluded from coverage under a Motor Vehicle Liability Policy, written in this state, where the insurer would otherwise be liable to the insured under its policy. No distinction is made in Section 324.01, subsection (7), supra, between employees and other persons injured in accidents arising out of the use of a motor vehicle.