In the Matter of Joseph Plonski, Petitioner, v. Robert J. Flynn et al., Respondents.

County Court, Suffolk County, October 25, 1961.

*Wainwright & Matthews* for petitioner. *Charles W. Root* for respondents.

Henry Tasker, J. This is a proceeding by petitioner pursuant to article 14 of the Election Law to enjoin respondents' use of the name Republican in campaign literature, signs, advertising matter and the like. Petitioner asserts that respondents' use of petitioner's party name is calculated to mislead, confuse or deceive the voters of the Town of Huntington.

Petitioner is the duly nominated Republican candidate for the office of Supervisor, Town of Huntington. Respondents are the candidates of the Democratic party and Fusion Economy party for the offices of Supervisor, Town Clerk, Councilman, Receiver of Taxes, Superintendent of Highways and Justice of the Peace.

Attached to the petition is a copy of an advertisement in the *Pennysaver,* October 19, 1961. At the bottom of the advertisement is the legend " These Are The Bi-Partisan Candidates " and in larger type " DEMOCRATIC FUSION REPUBLICAN ". Beneath this statement are the names of respondents, as candidates, with no indication of either their actual party affiliation or designation.

Exhibit B, attached to the petition, urges " the reelection of the Republican Democratic Fusion Team " and is signed " Supporters of Robert Flynn ".

The sole issue presented is whether or not the use of the word " Republican " by candidates of the Democratic-Fusion Economy parties would have a tendency to confuse the voters and create the impression that the candidates of the Democratic-Fusion Economy parties are likewise the candidates of the Republican party.

In this court's opinion, it would.

The right to the use of a political party's name and emblem is discussed in *Chambers* v. *Greenman Assn.* (58 N. Y. S. 2d 637, affd. 269 App. Div. 938) wherein the court, after recognizing that the selection of candidates and the conduct of elections in this State is governed by the provisions of the Election Law, held:

" No one can be the candidate of a party except through the method therein prescribed. Any misrepresentation, either directly stated or indirectly made, orally or in literature or signs, through the use of misleading, confusing or deceitful statements, that a person not so chosen is a candidate of a particular party which is likely to do injury to that party or its candidates, must be regarded as fraud and deceit. A political party is an organization composed of persons holding similar beliefs on certain public questions who strive to gain control of the government in order to put their beliefs into effect. * * *

" Party loyalty and regularity are known to be the most valuable political assets. Words and emblems which are tantamount to trade names, marks and brands and through usage signify the party and such members and arouse emotional enthusiasm of the latter are of equal value. The importance of parties and party candidates and their mutual responsibilities for the enlightenment of the voters, and in performing the duties, administering the functions, and executing the obligations of the offices entrusted to them, cannot be overstated nor underestimated. The importance of honestly expressing fact and of refraining from misrepresentation of party support or candidacy is equally clear. * * *

"But no honest candidate would seek to lure party members from supporting their own party candidates by the utterance of that which is not the fact either as to party support or party label, and none but a demagogue would seek to delude his auditors by uttering that which is not his faith, principle, ideal or true belief. No one is permitted to deceive the unwary interested party voter by falsely conveying to him the notion that a candidate is his party's choice when that is not the fact. Parties are known by names and by emblems or symbols which distinguish and differentiate the various parties in the public mind. The name 'Democratic' is an important distinguishing mark of the party which carries that appellation, as 'Republican', 'American Labor' and 'Liberal' are also of other similar large organized groups of voters. Through custom and usage certain rights attach to the use of a party name and emblem.

"It is a matter of common knowledge that in campaigns at general elections such terms as 'Democrat', 'Democrats' and 'Democratic' have been used for such a length of time as to render their beginnings almost in 'time out of memory' to connote the Democratic Party, its members and candidates. The same observation is equally true of 'Republican', 'Republicans' and 'Republican Party'." (See, also, *William J. Sheldrick Assn.* v. *Robert B. Blaikie Organization,* 17 Misc 2d 238; *Rich* v. *Storer,* 186 Misc. 87.)

Since elections are governed by the Election Law which lays down the rules for contests between political parties, it follows that the candidates of those parties have the exclusive right to the use of their party's name and symbol.

The fact, as asserted in the affidavits in opposition to this application that some enrolled members of the Republican party have forsaken the party of their enrollment to support candidates of either the Democratic party or the Fusion Economy party, gives them no right to carry the Republican party's name or standard with them.

The name Republican is the distinguishing mark of the party which carries that appellation and the right to the use of the party name and emblem must be preserved to the exclusive use of candidates of that party. Application granted.