Willard W. Cass, Jr., J.
This is a proceeding by the petitioner pursuant to article 14 of the Election Law to enjoin respondent’s use of the Democratic emblem of a star in campaign literature, signs, and advertising matter.
The petitioner claims that the respondent’s.use of the star, which is the Democratic emblem, in political advertising is calculated to deceive, mislead, confuse, and defraud the voters of -Chautauqua County who normally vote under the emblem of the Democratic Party.
Petitioner is the chairman of the Democratic Party in Chautauqua County. Respondent was the chairman of the Republican Party of the same county at the time the action was commenced.
The petition alleges that on or about November 1, 1972 the Chautauqua County Republican Committee caused to be printed and distributed through the United States' mails certain adver *253 tisements promoting the candidacies of the Republican candidates in the County of Chautauqua. Attached to the petition Were copies of advertisements that appeared in two local newspapers. At the bottom of each of these ads was printed, “ Paid for by the Chautauqua County Republican Committee, Jamestown, New York ’ ’. In one paper there was a row of stars above the statement showing who paid for the ad, and in the other paper there was a row of 21 stars beneath the statement indicating who placed the ad.
The petitioner asserts that unless the respondent is restrained from using the Democratic emblem, irreparable damage and loss will result to the candidates of the Democratic Party, and that the continued use of the Democratic emblem will tend to associate Republican Party candidates named and appearing on the campaign literature with the Democratic Party, thereby confusing, deceiving, defrauding and misleading voters who normally vote under the emblem of the Democratic Party.
Section 330 of the Election Law:
“ The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require. * * *
“ 3. The form and contents of official ballots, including ballots upon voting machines, and the right to the use of any emblem ”. (Emphasis added.)
Section 20 of the Election Law gives a political party the right to select a name and emblem to distinguish the candidates of the party for public office in all districts of the State, and it requires the name and emblem to be filed in the office of the Secretary of State. Upon inquiry of the Secretary of State it appears that the Secretary of State has lost the certificate designating the star as the emblem of the Democratic Party. However, the illustrations in section 248 of the Election Law clearly identify the emblem of the Democratic Party as the five-sided •star. It is a matter of common knowledge that the star has been used as the Democratic emblem for many years in New York State. Section 78 of the Election Law requires the Board of Elections to publish a list of the names and addresses of each candidate for public office, along with a facsimile of the various emblems. This required publication appears in our local papers every year and the star has been used in these publications as the emblem of the Democratic Party. It is upon this basis that the *254 court takes judicial notice that the emblem of the Democratic Party is the five-sided .star.
The issue presented is whether or not candidates for election, other than those indorsed by the Democratic Party, have the right to use the emblem of the Democratic Party in their campaign material and political advertising.
In Chambers v. I. Ben Greenman Assn. (58 N. Y. S. 2d 637, 640, 641) the court discussed the use of a political party’s emblem and name after recognizing that the conduct of the elections in this State is governed by the provisions in the Election Law, Justice Hammer wrote,
“ No one can be the candidate of a party except through the method therein prescribed. Any misrepresentation, either directly stated or indirectly made, orally or in literature or signs, through the use of misleading, confusing or deceitful statements, that a person not so chosen is a candidate of a particular party which is likely to do injury to that party or its candidates, must be regarded as fraud and deceit. A political party is an organization composed of persons holding similar beliefs on certain public questions who strive to gain control of the government in order to put their beliefs into effect. * * •
“ Party loyalty and regularity are known to be most valuable political assets. Words and emblems which are tantamount to trade names, marks and brands and through usage signify the party and such members and arouse emotional enthusiasm of the latter are of equal value. The importance of parties and party candidates and their mutual responsibilities for the enlightenment of the voters, and in performing the duties, administering the functions, and executing the obligations of the offices entrusted to them, cannot be overstated nor underestimated. The importance of honestly expressing fact and of refraining from misrepresentation of party support or candidacy is equally clear. * * * But no honest candidate would seek to lure party members from supporting their own party candidates by the utterance of that which is not the fact either as to the party support or party label, and none but a demagogue would seek to delude his auditors by uttering that which is not his faith, principle, ideal or true belief. No one is permitted to deceive the unwary interested party voter by falsely conveying to him the notion that a candidate is his party’s choice when that is not the fact. Parties are known by names and by emblems or symbols which distinguish and differentiate the various parties in the public mind. The name ‘ Democratic ’ is an important distinguishing mark of the party which carries that appellation, as *255 ‘ Republican ’, ‘ American Labor ’ and ‘ Liberal ’ are also of other similar large organized groups of voters. Through custom and usage certain rights attach to the use of a party name and emblem.”
The affidavit submitted in opposition to this application alleges that some stars remain as an integral part of the advertising for Republican candidates, and by their nature and placement must remain a part of the advertising, and that it did not deceive, mislead or confuse the voters of Chautauqua County.
This court cannot agree with that argument. Since elections are governed by the Election Law which lays down the rules for counties between political parties, it follows that the candidates of those parties have the exclusive right to the use of their party’s name and symbol. (Matter of Plonski v. Flynn, 35 Misc 2d 863.)
The star has long been the distinguishing emblem of the Democratic Party, and the right to the use of the five-sided star in political advertising must be preserved to the exclusive use of the candidates of the Democratic Party.
The application is granted.