Michael F. Walsh, J.
This is an application for approval of a certificate of incorporation pursuant to section 10 of the Membership Corporations Law. The use of the word “ Political ” is objectionable in this certificate. The purposes set forth are general and do not indicate the political objectives..
Four of the eight purposes are taken verbatim from the preamble of the constitution of the American Legion and are similar to those used by patriotic and veteran organizations. The other four purposes are- used by educational, social or patriotic groups. The affidavit of the temporary president states concisely that the purposes are (1) to further Americanism and (2) to promote social intercourse and good fellowship among its members.
While in its literal sense the word “political” might be defined as pertaining to the science of government, when used *932 in connection with a club or party, in the common accepted sense it is more limited and pertains to “an organization composed of persons holding similar beliefs on certain public questions who strive to gain control of the government in order to put their beliefs into effect. ’ ’ (Chambers v. Greenman Assn., 58 N. Y. S. 2d 637, 640, affd. 269 App. Div. 938.) An organization of that type, whether it be a party or an independent political body, should be organized under the Election Law of the State of New York. (Chambers v. Greenman Assn., supra, p. 639.) In the present instance, the word ‘ ‘ Political ’ ’ would be confusing and misleading. It is not necessary for the purposes set forth in the certificate.
Other obstacles prevent. an approval of this certificate. Nothing is presented to the court which would indicate that this particular group has any facilities or abilities to attain the purposes except that of social intercourse and good fellowship. While all of the objectives may be laudable, they are entirely too general and vague. Unfortunately, today, there is great confusion as to the meaning of ‘ ‘ true Americanism ’ ’ and ‘ ‘ Americanization. ” It is common, knowledge that subversive organizations use those and other similar attractive terms. Before approving a proposed membership corporation, it is the duty of the court to be satisfied that the substance as well as the form does not violate wholesome public policy and does not permit irresponsible or unequipped citizens to operate under a corporate charter which has been approved by the court and will be accepted by the Secretary of State.
In disapproving this certificate, the court does not say or imply that the petitioners in this case are not worthy and well-intentioned citizens or that the purposes are not commendable, but the court must have some assurance that a corporate body, which it helps to bring into existence, can fulfill its purposes and may not later be used against the common good or afford an opportunity for other people to abuse the powers of corporate entity. The application is denied.