James L. Dixon, Individually and as Chairman of the Demo-
cratic County Committee of the County of Queens, et al.,
Plaintiffs, *v.* James J. Corrigan et al., Defendants.

Supreme Court, Special Term, Queens County, August 30, 1955.

*Moses Z. Yam* for plaintiffs.

*Milton Koerner,* defendant in person and for James J. Corrigan and others, defendants appearing specially.

PETTE, J. Plaintiffs move by order to show cause for a temporary injunction restraining the defendants from using the words " Regular Democratic Organization " in connection with literature published by the defendants in promoting the candidacy of the defendant Koerner for Justice of the Municipal Court of the City of New York.

By another order to show cause defendants, appearing specially, move for an order dismissing the complaint on the ground that they have not been served with a summons, the process by which actions at law are ordinarily commenced. Defendants allege that no copy of the summons was annexed to the motion papers served upon them. They argue that a motion must be incidental to a pending action and that if the action has not yet been commenced no motion can be made. Defendants contend that this affects the jurisdiction of the court.

Defendants' motion to dismiss, although returnable before another Justice, was on the consent of all parties referred by the court to the Justice before whom the motion for an injunction is pending for determination. Since the defendants contend that their motion affects the jurisdiction of the court, that motion will be disposed of first.

In view of the factual questions involved the court held a hearing. The attorney for the plaintiffs testified that he personally supervised the assembling of the motion papers, that he knows of his own knowledge that each set of papers contained a copy of the summons, and that he, himself, served a set of motion papers upon the defendants Koerner and Hussey personally and two sets upon the defendant Corrigan, one being intended for him personally and one being served upon him in his capacity as managing agent of the corporate defendant.

The defendant Koerner admitted that a set of motion papers had been served upon him, but testified that when he examined them carefully he noticed that they failed to contain a copy of a summons. The defendants Corrigan and Hussey were represented at the hearing by the defendant Koerner as their attorney, but were not personally present and their testimony was, therefore, not available.

In the moving affidavit upon which the order to show cause was granted defendant Koerner alleges, upon information and belief, that the motion papers served upon the remaining defendants "likewise did not include a summons." This allegation, however, was not supported by any affidavits or direct testimony. In view of the direct testimony of the attorney for the plaintiffs that he served the motion papers upon them and that they contained a copy of the summons, the conclusion is inescapable that whether or not the papers served upon defendant Koerner contained a copy of the summons, those served upon the other defendants did. The action, therefore, is now pending and will support a motion as an incident thereto. Moreover, there is a notable exception to the rule that actions are commenced when the summons is served as clearly appears from the language of the Court of Appeals in *Schram* v. *Keane* (279 N. Y. 227, 234–235) wherein the court said: " The general rule that an action is commenced by the service of a summons is qualified to the extent that the court may grant a provisional remedy in an action even before the service of the summons, and the action must provisionally be deemed commenced from the time of the granting of the provisional remedy, subject, however, to the condition subsequent that within the time allowed by statute the summons is served. Where there is failure to comply with this condition, the action falls, and with it the provisional remedy; where there is compliance with the condition, the grant of the provisional remedy marks the commencement of the action." (See also *Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57, 61; *Daly* v. *Amberg,* 126 N. Y. 490, 495 and 10 Carmody-Wait Cyclopedia of New York Practice, pp. 602–603.)

It follows that this court has jurisdiction to entertain the motion for a temporary injunction either on the theory of a provisional remedy issued in advance of the action to accompany the summons (Civ. Prac. Act, § 818) or on the theory that the provisional remedy itself commenced the action (see cases cited *supra*) or on the theory that service of the summons upon the defendants Corrigan and Hussey constituted the commencement of the action. Accordingly, defendants' motion to dismiss the complaint is denied. Plaintiff's motion for a temporary injunction will now be discussed on the merits.

Plaintiff Dixon is the duly elected chairman of the Democratic County Committee of the County of Queens. Plaintiff Crisona is a duly elected member of the Democratic County Committee and a duly elected member of the executive com-

mittee of said county committee for the twenty-third Executive District of the Twelfth Assembly District of said county, within which district is included the entire Fifth District of the Municipal Court of the City of New York, Borough of Queens. Plaintiff Margulies is the regular Democratic candidate for Justice of the Municipal Court for the Fifth District, Borough of Queens.

Defendants Corrigan and Hussey are members and officers of the defendant corporation, the corporate title of which is '' The Regular Democratic Organization of the Rockaways, Inc.'' Defendant Koerner is the regular Republican candidate for Justice of the Municipal Court, Fifth District, Borough of Queens.

The corporate defendant was originally organized about August 1, 1946, at the instance of one John Corrigan, a brother of the defendant Corrigan. At the time of its incorporation the said John Corrigan was the duly elected member of the executive committee from the Twelfth Assembly District, and consent to organize the corporation was granted by the then Democratic County Chairman, James A. Roe, as required by section 10 of the Membership Corporations Law. In 1947, the said Corrigan was succeeded by the plaintiff Crisona as the duly elected member of the executive committee for said district. On October 15, 1952, the defendant corporation was dissolved by proclamation of the Secretary of State pursuant to section 57 of the Membership Corporations Law. On January 7, 1955, a certificate of annulment of dissolution, reinstatement and report of corporate existence was filed on behalf of the defendant corporation and on January 15, 1955, the dissolution of the corporate defendant was annulled. At the time of its reactivation the corporate defendant did not have the consent of the present chairman of the Democratic County Committee (the plaintiff Dixon) or of the executive member of the district (the plaintiff Crisona).

The defendants have caused a large sign, bearing the legend '' REGULAR DEMOCRATIC ORGANIZATION of the ROCK-AWAYS Inc. Endorses For JUDGE MILTON KOERNER,'' to be displayed in the window of a store at Rockaway Beach. The abbreviation '' Inc.'' is in letters approximately one fifth of the size of those used for the other words on the sign. The said store is the headquarters of the defendants. The sign is a large one and fills the entire store window except for some small transoms at the top.

The regular Democratic organization of the Rockaway district is composed of the members of the Democratic County Committee elected from said district and the duly elected members of the executive committee from said district. Neither the defendant corporation nor any of its officers or directors is presently connected with the regular Democratic organization of the district. The defendant Koerner is not the candidate of the regular Democratic organization but, in fact, is the regular Republican candidate for Justice of the Municipal Court. The regular Democratic organization designated the plaintiff Margulies as its candidate for said judicial office. Undoubtedly, the use of the sign by the defendants is apt to mislead and deceive the enrolled members of the Democratic party in the Rockaway district.

Under such circumstances a temporary injunction should issue. (*Howard* v. *Cotter*, 242 App. Div. 727; *Sexton* v. *Dillon*, 247 App. Div. 817; *Sheldrick Assn.* v. *Blaikie Regular Democratic Organization*, 283 App. Div. 1014, see, also, *Sheldrick Assn.* v. *Blaikie Regular Democratic Organization*, 134 N. Y. S. 2d 218.)

In the *Sheldrick* case (*supra*), the organization had been formed when its organizers had been in control of the regular Democratic organization. At the time of its formation it had the approval and consent of the then Democratic County Chairman of New York County. Thereafter the incumbent county chairman sent a letter to the defendant stating that the consent given by the former county chairman was withdrawn. A temporary injunction and a permanent injunction were granted against the corporation.

In the instant case, while it does not appear that the present county chairman made demand upon the corporate defendant that it cease using the title, such demand is evidenced by the institution of this action. Moreover, there is the additional fact involved here that the corporation was at one time dissolved. Whether consent is necessary to revitalize a defunct corporation does not appear to have been decided, but the institution of this suit must be deemed the equivalent of a demand that the defendants cease to use a title which is apt to deceive the enrolled Democrats of the Rockaway district.

Plaintiffs' motion for a temporary injunction is granted upon the posting of a bond in the sum of $1,000. Submit order.