Desmond, J.
(dissenting). Section 10 of the Membership Corporations Law contains this: “ Every certificate of incorporation filed under this chapter shall have endorsed thereon or annexed thereto the approval of a justice of the supreme court of the judicial district in which the office of the corporation is to be located. If the name of the proposed corporation includes the name of a political party, the consent of the chairman of the county committee of such political party of the county in which the office of the corporation is to be located, shall be endorsed on such certificate, except in cases where the supreme court finds that the withholding of such consent of the county chairman is unreasonable.”
The sole discoverable purpose of this requirement of consent by the county chairman was to eliminate “ spurious political clubs * * * used for the conduct of gambling and vice ” and to eradicate those spurious political clubs “ which seek to hide behind the protection of corporate organizations ” (1937 Public Papers of Governor Herbert H. Lehman, pp. 397-398). There was, of course, no legislative purpose to vest a county chairman with a proprietary right to the party name or to give him a veto power over the organization of political clubs by party members who happen to be his rivals or critics. Yet in this proceeding the statute is allowed to be used for just that latter purpose.
The county chairman, while conceding petitioners’ earnestness, sincerity and good faith, opposed the application. Special Term thereafter refused approval of the incorporation of this proposed “ Metropolitan Republican Club, Inc.” because the county chairman thought there were already enough Republican clubs in New York City and because the chairman thought that petitioners, concededly good party members, should carry on their political activities not independently but under the supervision of the county committee of which respondent is the chairman. The Justice at Special Term seemed to think it the *22 duty of the courts and the purpose of the statute to protect the county committee officers from their intraparty foes. Petitioners may not demand, said he, “ that the chairman sign a warrant for his and the organization’s destruction” (9 Misc 2d 205, 208). Free communication, wrote the court, “ is given adequate currency either through other and independent channels or through the party machinery which is already in existence ” (9 Mise 2d 208). On the contrary, the county chairman’s refusal of his approval on such a ground was, within the meaning of this statute, “ unreasonable ” and the adoption by the court of such nonstatutory reasons was arbitrary and beyond its power (see Matter of Ross v. Wilson, 308 N. Y. 605, 617).
We need not examine into the constitutionality of such a construction of the statute as was applied below in this case. Even if constitutional, such a version is so foreign to the legislative intent, so mischievous in its consequences, so distasteful as making the courts arbiters of party strifes, that it must be rejected. Surely such a reading of the statute does violence to the public policy of the Election Law of this State as expressed in People ex rel. Coffey v. Democratic Gen. Committee of Kings County (164 N. Y. 335, 342): “ In other words, the scheme is to permit the voters to construct the organization from the bottom upwards, instead of permitting leaders to construct it from the top downwards.”
The order should be reversed and the prayer of the petition granted, with costs in all courts.
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Btjrke concur in Per Curiam opinion; Judge Desmond dissents in an opinion.
Order affirmed.