Sidney A. Fine, J.
The plaintiff, as executive member of the Republican County Committee for the 13th Executive District of the County of Bronx, seeks an injunction pendente lite against the use by the defendants of the name “Republican” or the eagle, the official emblem of the Republican Party. The action is brought with the express authorization, if not at the direct behest, of the Executive Committee of the Republican County Committee, so that the plaintiff is the spokesman of the Republican County Committee, the official organization of the Republican Party in this county.
There is little dispute over the basic facts out of which the litigation springs. The defendants, while stating that they are enrolled voters of the Republican Party, are nevertheless opposed to the official leadership of that party in this county; they have been and now are openly and avowedly arrayed against those in control of the regular party organization and have in recent primary elections supported candidates opposed to those of the regular organization. That they form an insurgent group definitely hostile to the regular party organization is abundantly established; indeed, the defendants do not seriously contend otherwise. The right of the defendants to oppose the regular organization and to take all proper measures to that end is not here in question. The present application concerns only the *456 extent of their right to use the party name and emblem in furthering- their aims.
None of the defendants is incorporated; the defendants, other than those sued solely in their individual capacities, are sued as officers of unincorporated associations and thereby the associations are made party defendants. These associations are the West Bronx Young Republican Club, the Committee for a Stronger Republican Party in Bronx County, Republican Clubs of Riverdale and Spuyten Duyvil, Women’s Republican Club of Riverdale and Spuyten Duyvil.
Subdivision 8 of section 10 of the Membership Corporations Law of the State provides that if the name of a proposed membership corporation includes the name of a political party, the consent of • the chairman of the county committee of such political party of the county in which the office of the corporation is to be located, shall be indorsed on its certificate of incorporation “ except in cases where the supreme court finds that the withholding of such consent of the county chairman is unreasonable.” It has been held repeatedly that the foregoing prohibition may not be circumvented through the expedient of not incorporating and operating as an unincorporated association. In such case the association is treated as a de facto corporation bound by the prohibition as effectively as if it had sought incorporation. What is prohibited directly may not be done by indirection (Perilli v. Tamawa Club, 172 Misc. 24; Owasco Club v. Kantor, 171 Misc. 960; Chambers v. Greenman Assn., 58 N. Y. S. 2d 637; Rich v. Storer, 186 Misc. 87; Fay v. O’Connor, 169 Misc. 466, affd. 257 App. Div. 815, affd. 281 N. Y. 849; Gerosa v. Halpern, N. Y. L. J., June 24, 1957, p. 7, col. 1; Knewitz v. Stephens, N. Y. L. J., Jan. 25, 1941, p. 398, col. 5; N. Y. L. J., May 7, 1941, p. 2044, col 3). The rule so firmly established must necessarily be applied to the defendant associations here, as well as to the individuals using and operating through these associations.
The contentions made by the defendants do not overcome the binding effect of the foregoing authorities. Two of the associations, the West Bronx Young Republican Club and the Women’s Republican Club of Riverdale and Spuyten Duyvil, refer to their existence for some years under their present names. However, it is not shown that these clubs were formed and their names adopted with the consent of the then chairman of the Republican County Committee who, under the statute, represents the party. As the court said in Matter of Roosevelt (Curran) (9 Misc 2d 205, 207-208, affd. 3 A D 2d 988, affd. 4 N Y 2d 19), “ The *457 county committee and its chairman are, in a sense, trustees of party interests for the registered voters of the party in that county
The West Bronx Young Republican Club argues that it may continue to use the name Republican, over the protest of the county chairman, because it was chartered by the Association of New York State Young Republican Clubs, Inc., and the Young Republican National Federation. A like contention was rejected by Mr. Justice Rabin in Knewitz v. Libbey (Supreme Ct., Bronx County, Index No. 8125-1948, not published). Moreover, even had such consent been given by a former chairman, this would not preclude its later withdrawal if, in the judgment of a successor chairman, the interests of the party dictated such withdrawal. Accordingly, an incorporated political organization was held no longer entitled to use the name under which it had been incorporated, upon the withdrawal by a new county chairman of the consent (Sheldrick Assn. v. Blaikie, 17 Misc 2d 238; Dixon v. Corrigan, 208 Misc. 911). The making of this application upon the express authorization of the chairman of the Republican County Committee conclusively negates the absence of his consent to the continued use of the party name by those no longer loyal to or in sympathy with the regular organization, but bent on undermining it, whatever their allegiance in the past may have been. So long as the chairman holds his position, he is under the statute the official spokesman of the party.
The defendants urge that both the Statute of Limitations and laches require the denial of relief to the plaintiff. Of course, this contention, even if otherwise sound, would be available only to the Young Republican Club and the Women’s Republican Club just mentioned. Inasmuch, however, as the plaintiff complains of continuing acts, the statute is no defense (Sachs v. Cluett, Peabody & Co., 177 Misc. 695; Hayman v. Morris, 46 N. Y. S. 2d 482; O’Shaughnessy v. Barrett, 186 Misc. 1040 ; 2 CarmodyWait, New York Practice, § 129, p. 305 and cases there cited). Since the defendants show no prejudice, they are in no position to invoke the doctrine of laches. (Seligson v. Weiss, 222 App. Div. 634.)
The defendants ’ disclaimer of affiliation with the regular party organization does not vest them with the right to use the party name and emblem without the consent of the party through its county chairman. It is not actual deceit but the danger of confusion which is determinative in these situations (Fay v. O’Cownor, 169 Misc. 466, affd. 257 App. Div. 815, affd. 281 N. Y. 849). Argument is hardly necessary to make clear that a sign *458 on which the words ‘1 Republican Club ’ ’ in large letters, though followed by “of Riverdale and Spuyten Duyvil” in smaller letters appear, and another reading ‘ ‘ Republican Headquarters ” would mean to the average layman affiliation with the regular party organization. It should be noted, too, that the name “ Committee for a Stronger Republican Party in Bronx County” bears a striking resemblance to “Committee for Republican Reorganization in Bronx County ” enjoined in Knewitz v. Stephens (N. Y. L. J., May 7, 1941, p. 2044, col. 3).
Finally, the defendants challenge the plaintiff’s standing to bring this action; they urge it should have been brought by the county chairman and that since the plaintiff’s executive district comprises portions of two assembly districts it does not comply with the Election Law. The courts have heretofore ruled against the validity of like contentions. (Farley v. Sammon, N. Y. L. J., July 10,1957, p. 2, col. 6; Gerlach v. Good Government Republican Club, 16 Misc 2d 1050; Matter of Ryder v. Power, N. Y. L. J., Aug. 30, 1957, p. 5, col. 5, affd. 4 A D 2d 828, affd. 3 N Y 2d 894.)
It should be repeated that the right of the defendants to espouse their cause and vigorously to oppose the present party leadership is in no' way involved. But in so doing they may not use the party name and emblem, which belong to the party. Those in control of the party may lawfully prevent appropriation of the name and emblem by bodies and organizations not functioning under the segis of the party. As pointed out in Matter of Roosevelt (Curran) (9 Misc 2d 205, affd. 3 A D 2d 988, affd. 4 N Y 2d 19, supra) our system centers on political parties and these parties can carry on only through organization. The Election Law rests largely on this premise. The plaintiff must, therefore, prevail on this application.
The motion has been withdrawn and the action discontinued as against the defendants Lowell H. Brown and David K. Waer. An injunction will issue against all other defendants served against the use of the names “ West Bronx Young Republican Club”, the “ Committee for a Stronger Republican Party in Bronx County ”, “Republican Clubs of Riverdale and Spuyten Duyvil”, “Women’s Republican Club of Riverdale and Spuyten Duyvil ’ ’, and any like names using the word 1 ‘ Republican ’ ’ or derivative thereof, and the eagle, the official party emblem.
Settle order.