Clarence J. Henry, J.
This is an application by the proposed incorporators of a membership corporation to be known as the “ 7th Ward Democratic Club ” for court approval of the certificate thereof.
Subdivision 8 of section 10 of the Membership Corporations Law provides that, in addition to the usual indorsed approval of a Supreme Court Justice, if the name of the proposed corporation includes the name of a political party, the consent of the county chairman of that party shall also be indorsed, “ except *790 in cases where the supreme court finds that the withholding of such consent of the county chairman is unreasonable.”
The chairman of the Monroe County Democratic Committee has withheld his consent to the applicants’ certificate and an order was obtained requiring him to show cause as to why this court should not hold his refusal unreasonable.
Determination rests, first, upon the extent of control the section confers upon the county chairman and, secondly whether in the matter of the instantly-questioned certificate he has acted reasonably within the limits of such control.
Quite clearly the Legislature, by virtue of including the requirement of such consent—and the courts commenting thereafter—have recognized the necessity and propriety of control by the party chairman, albeit a limited control. He has, says the First Department, “ a qualified veto power ” (Mele v. Ryder, 8 A D 2d 390, 394 [1959]). It is a power which obviously was not intended to be exercised arbitrarily or capriciously—nor, indeed, selfishly, for the county chairman cannot arrogate the exclusive use of the party name to the organization over which he presides (see Mele v. Ryder, supra). However, “ So long as the chairman holds his position, he is under the statute the official spokesman for the party” (Mele v. Ryder, 19 Misc 2d 455, 457 [1959]) and he is the “trustee of party interests” (Matter of Roosevelt [Curran], 9 Misc 2d 205, 208 [1957]). His power is conferred by a majority of his party members exercising intramural franchise, and is thus not lightly to be considered. It is only when the exercise of such power is patently unreasonable that it in turn .should be vetoed by the Supreme Court. The stature of the county chairman’s discretion is suggested in the cases of Sheldrich Assn. v. Blaikie (17 Misc 2d 238, affd. 283 App. Div. 1014 [1954]) and Dixon v. Corrigan (208 Misc. 911 [1955]) where use of a political corporate name was forbidden after a county chairman withdrew a previously given consent.
The motivating factor underlying the legislative provision for consent by the party chairman was the avoidance of confusion (Matter of Roosevelt [Curran], 9 Misc 2d 205 [1957], affd. 3 A D 2d 988, affd. 4 N Y 2d 19, supra; Matter of Stillwell, 26 Misc 2d 931 [1951]; Gerlach v. Good Government Republican Club, 16 Misc 2d 1050, affd. 282 App. Div. 830 [1953]). It is by the test of whether confusion may result, therefore, that the conduct of the Democratic county chairman herein must be gouged, and it is not the existence, but rather the danger, of confusion which provides the test. (See New York World’s *791 Fair 1939 v. World’s Fair News, 163 Misc. 661 [1936], affd. 256 App. Div. 373.)
The name of the proposed ■ corporation is the “ 7th Ward Democratic Club ” which, on its face, would indicate that it not only carries the aegis but also possesses the blessings of the county Democratic party in that ward. 'Such, however, appears not to be the case — from the affidavits submitted by both sides of this controversy. The subscribing applicant was, at one time, designated “ co-leader ” of the party in the 7th Ward by the duly elected executive committeeman, or ward leader. He was later ousted from that office by said leader, but still considers himself coleader. In view of such dissension it would be dangerously confusing and misleading to permit one side, and particularly the nonelected side, to parade its cause under that which appears to be the official party banner. The menace lies in surrounding the unofficial with the aura of sole party authority through the formality of incorporation.
The objects of the proposed corporation presents a further difficulty. They are stated, as follows: (1) to teach and to promulgate the principles of true Americanism; (2) to encourage loyalty to our country’s laws and Constitution; (3) to encourage interest and active participation in the affairs of local, State and national Government; (4) to establish a center of work and interest for the members in order to cultivate their knowledge of politics and to advocate the principles of political and social conduct for which the Democratic party stands; (5) to carry on and encourage the work of naturalization; (6) to promote friendship and sociability among its members.
All of these purposes, with the single exception of the second clause of the fourth, are general in their prophetic functioning and as such are too vague for inclusion in the certificate of a politically-pointed corporation (Matter of Stillwell, 26 Misc 2d 931 [1951]). As to the exception, while the language does not define the breadth of intended political operation, the principal applicant frankly avers by affidavit his desire and interest to promote the welfare of the Democratic party not only in the 7th Ward but also “ in the entire city and county area ”. Such wide activity was, perhaps, anticipated and distrusted by the county chairman in withholding his consent, but, whether it was or not, it would seem that the dissemination of party propaganda and the advocacy of principles, on a wide basis, should best be left to those charged by the party electorate with responsibility over the wider area, and not be permitted to be voluntarily undertaken by a group, which by its descriptive appellation, is concerned *792 with but a fraction of the area. Such license could readily produce confusion.
A further consideration remains. Of the five incorporators, the principal applicant and two others are admittedly not residents of the 7th Ward, and the residence of a fourth is undetermined. One, and possibly two, are not presently enrolled members of the Democratic party in Monroe County. While the body of the membership may eventually be enlisted from enrolled Democrats of the 7th Ward, no assurance of this exists and, should it not come to pass, the corporate name itself would be, as it now is, misleading. From this aspect, the danger of confusion again appears.
For the above reasons it is concluded that the withholding of . consent by the chairman of the Monroe County Democratic Committee was not unreasonable. The application is denied. No costs.