T. Paul Kane, J.
Plaintiff, a committeeman from the First Election District of the Town of Fallsburgh in Sullivan County and a member of the defendant Sullivan County Democratic Committee, has instituted an action for a declaratory judgment seeking to have section 12 of the Election Law declared unconstitutional insofar as it relates to the method in which the county committees of political parties in the State of New York shall be constituted, further to have the section of the Rules of the Democratic Committee establishing the method in which members to it be designated be declared unconstitutional, and to enjoin and restrain the defendants from calling any meetings or convening any convention of the Sullivan County Democratic Committee unless the committeemen attending such meeting or convention cast their votes under a system of weighed voting as ordered by this court. Defendant Chairman of the Sullivan County Democratic Committee opposes the granting of a temporary injunction principally upon the grounds that the complaint in the action fails to state a cause of action and that all proper parties are not in the action.
The court has given the required notice to the Attorney-General and his right of intervention has been protected as provided by section 71 of the Executive Law and CPLR 1012 (subd. [b]).
The function of this court at the present time is to determine whether or not there are sufficient grounds to grant a temporary injunction pending the trial and determination of the main action. The granting of the relief sought would require a showing of the usual requisites of this drastic provisional remedy.
The court will address itself first to what it considers to be the most vital of these requisites: i.e., the showing of a clear right to relief in the main action (Park Terrace Caterers v. McDonough, 9 A D 2d 113). Plaintiff’s success in the main action depends upon the adequacy of the grounds upon which he attacks the constitutionality of section 12 of the Election Law. He urges that the pertinent portion of that statute violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and sections 1 and 11 of article I of the New York State Constitution in light of new case law *62 precedent. The highest court in our country recently ennunciated a principle of constitutional law that the equal protection clause of the Fourteenth Amendment to the Federal Constitution requires that seats in State Legislatures be apportioned substantially on a population basis and that political equality can mean only one thing — “ one person, one vote ”. (Reynolds v. Sims, 377 U. S. 533, 562, 563, 565, 566; Gray v. Sanders, 372 U. S. 368, 381; cf. WMCA, Inc. v. Lomenzo, 377 U. S. 633; Maryland Committee v. Tawes, 377 U. S. 656; Davis v. Mann, 377 U. S. 678; Roman v. Sincock, 377 U. S. 695; Lucas v. Colorado Gen. Assembly, 377 U. S. 713; Wesberry v. Sanders, 376 U. S. 1; Baker v. Carr, 369 U. S. 186.) Since the decision of Reynolds v. Sims (supra), several courts have held that the “ one person, one vote ” rule is applicable to the apportionment of elected members of legislative bodies of governmental units below the level of State Legislatures (Matter of Goldstein v. Rockefeller, 45 Misc 2d 778, 783; Bianchi v. Griffing, 238 F. Supp. 997; State ex rel. Sonneborn v. Sylvester, 26 Wis. 2d 43; Brouwer v. Bronkema, Circuit Court, Kent County, Mich., Sept. 11, 1964, Searl, J.; Seaman v. Fedourich, 45 Misc 2d 940, 943; Ellis v. Mayor and City Council of Baltimore, 234 F. Supp. 945; Shilbury v. Board of Supervisors of County of Sullivan, 46 Misc 2d 837).
The thrust of plaintiff’s argument upon which the relief must depend is the application of this “ one person, one vote ” principle of law to the method of electing committeemen to comprise the defendant Sullivan County Democratic Committee. Section 12 of the Election Law provides that “ The county committee of each party shall be constituted by the election in each election district within such county of at least two members and of such additional members, not in excess of two, as the rules of the county committee of the party within the county or the statement filed pursuant to section eighteen may provide for such district * # * Each member of a county committee shall be an enrolled voter of the party residing in the assembly district from which or in the assembly district containing the election district in which such member is elected.”
It appears that the County of Sullivan is composed of 15 townships having the number of election districts and the number of enrolled Democrats that voted in the last election as hereinafter set forth:
Town No. of Voting Districts No. of Enrolled Democrats
Bethel 3 443
Callicoon 3 510
Cocheeton 1 207
Delaware 2 602
*63 Fallsburgh 6 2443
Forestburg 1 141
Fremont 2 343
Highland 2 391
Liberty 9 1815
Lumberland 1 77
Mamakating 4 584
Never sink 3 398
Rockland 6 575
Thompson 8 2302
Tusten 1 242
Hence, it is obvious and undisputed that the Town of Fallsburgh, with the largest Democrat enrollment has a disproportionate vote in the county committee.
Plaintiff contends that “ county committees of political parties are semi-public bodies established by laws passed by the State Legislature, and are bodies that control the nomination of elected officers of the state and political subdivisions thereof, and directly and indirectly control the political destiny of the state and country.” Even assuming those conclusions as fact, it is extremely doubtful that their assertion and acceptance compels the grouping of this entity with those to which the 11 one person, one vote ” rule has been applied. These, or any other assertions in this court’s opinion, could not alter what is a difference not in degree, but in kind.
The term “ committee ” as defined in subdivision 10 of section 2 of the Election Law is any committee chosen to represent the members of a party in any political unit. The Democrat committeemen herein were elected in their respective election districts by the vote of enrolled Democrats. Hence, their collective status could be no different from that from whence their power emanates; that of the political party it represents. A county organization is therefore a political institution consisting of all registered voters of a party in a county represented by a county committee, which is elected pursuant to provisions of the Election Law. Thus, committeemen of a political party are trustees of voters’ rights and interest in party affairs (Matter of Roosevelt, 9 Misc 2d 205, affd. 3 A D 2d 988). Political parties have been defined as unincorporated voluntary associations of persons sponsoring certain ideas of government (Matter of Zuckman v. Donohue, 191 Misc. 399, mod. 274 App. Div. 216, affd. 298 N. Y. 627). In the broadest sense of the term, a political committee or the party it represents could not be considered to be a “ legislative body of a governmental unit ”. Unless the “ one *64 person, one vote ” principle was intended to be applicable to a quasi public organization, which to this court appears unlikely, it would seem that plaintiff has no grounds to attack the constitutionality of section 12 of the Election Law. Consequently, this court concludes that there has been no sufficient showing of a clear right to relief.
The fact that a county committee is established by laws of the Legislature and subject to statutory controls does not alter its basic nature. The vote cast by a committeeman and the vote referred to in the “ one person, one vote ” principle bear only a similarity in name. The former is a vote cast in behalf of enrolled party members, whereas the latter is a guarantee of the Fifteenth Amendment of the United States Constitution and article II of the New York State Constitution.
For temporary injunctive relief plaintiff must also show that he has no adequate remedy at law. Here also plaintiff is confronted with insurmountable difficulty. Aside from affecting an internal change of the rules of the county committee, section 64 of the Election Law provides the machinery for increasing election districts via the town board (subd. 1) or the board of elections (subd. 6). Recourse to this procedure would increase the number of committeemen from any town and thereby tend to adjust disproportionate voting. In that the Legislature has placed the responsibility for the creation and alteration of election districts with the town boards and boards of elections, defendants argument that all the proper parties are not in this action is well taken.
It should further be noted that since a political organization is an unincorporated voluntary association in which no rights of property or personal liberty are involved, a court of equity ordinarily has no jurisdiction, in the absence of statutory authority, to interfere by injunction to control actions of such organization or those of its officers or committees (29 C. J. S., Elections, § 88; Kane v. Republican County Committee of Town of Huntington, 17 A D 2d 707; Lamb v. Cohen, 40 Misc 2d 615). Therefore, the subject matter of this action commands an even greater exercise of discretion and caution if political parties are to continue to serve their historic function in the framework of our representative government.
In summary, the court concludes that the plaintiff has failed to show that he has a clear right to relief, that he will suffer irreparable harm, and that he has no adequate remedy at law. The court is aware of the import of deciding this matter and, consequently, has taken additional liberty in commenting upon the final right to relief. Nothing herein should be construed to *65 refer to any possible relief under the equal protection clause of the Fourteenth Amendment other than as it applies to the “ one person, one vote ” rule.
Accordingly, the motion for temporary injunction is denied.