T. Paul Kane, J.
Plaintiff is one of three designees for the nomination as the Republican candidate for the office of Member of Assembly in the new 112th Assembly District comprising the Towns of Bethlehem and Guilderland, Albany County, and certain portions of the City of Albany.
In an action for a permanent injunction, plaintiff seeks a preliminary injunction restraining the defendants from circulating certain campaign literature on behalf of Raymond C. Skuse, one of the other designees and a defendant herein. This court heretofore has granted a temporary restraining order prohibiting the circulation of said brochure. The moving papers .cite the objectionable parts of this brochure to be as follows:
‘ ‘ Designated by:
“-Albany County Republican Committee
‘ ‘ Endorsed by:
“-The Town of Bethlehem Republican Organization,
‘ ‘-The Town of Guilderland Republican Organization,
“-The 1st, 13th, 14th, 15th, 16th, and 18th Ward Republican Organizations.”
Plaintiff contends that the above representations are false statements calculated to mislead Republican voters of the 112th District and if distributed will do irreparable harm to his candidacy.
Section 134 of the Election Law provides that the designation of a candidate for party nomination at a primary election shall be by petition, and there is no dispute that this procedure was followed by the predecessor of defendant Skuse, as well as the other two designees. Defendant Skuse, however, was designated by the committee on vacancies following a declination by the original designee. It appears that defendant Skuse and his *717 predecessor were choices of the leadership of the Albany County Republican party. Such a choice by leadership of a party would not be, in and of itself, in violation of the declared policy by the Legislature to leave the selection of designees with the enrolled voters (Election Law, § 134). This policy is in keeping with a long-established trend away from party control of the selection of candidates. (Matter of Thompson v. Cohen, 179 Misc. 70; Election Law, §§ 103, 108.)
It is perfectly proper to distribute circulars to influence prospective voters in an election campaign, but the contents thereof must be of such a nature so as not to mislead the voter. In this case the court must look at the circular in question and determine the motive for the use of the particular phraseology that plaintiff contends is “misleading and false”, and at the same time determine what practical effect the sentences as constructed will have upon the voter as he endeavors to make a choice.
From the papers before the court it appears conclusively that the defendant Raymond C. Skuse was not designated by the Albany County Republican Committee. One becomes a designee by the filing of a petition signed by the required number of enrolled Republicans in accordance with strict statutory procedures. The authority of the committee to fill vacancies to designate a successor in this case emanated, not from the county committee of which, coincidentally, the members of the committee to fill vacancies are members, but from those enrolled voters signing the petitions. Since an elected political committee cannot properly perform this function, this court finds the words “Designated by: -Albany County Republican Committee ” to be false and as such would tend to mislead.
With reference to the second portion of the alleged objectionable material as it refers to “ endorsements ” by the Towns of Bethlehem and Guilderland “Organizations” (no proof has been submitted as to the wards enumerated), it is urged upon this court that the word ‘ ‘ organization ’ ’ has a much broader meaning than the word ‘ ‘ committee ’ ’. Among the papers before the court are affidavits to the effect that there have been no indorsements of Raymond C. Skuse by Republican committees of the Towns of Bethlehem and Guilderland. Thus the question is presented, does the word “committee” mean “organization”, or “organization” mean “ committee ”, in the eyes of the average voter? Would such a person be misled by distribution of the particular circular in question?
Out of context the terms “ committee ” and “ organization ” in political parlance are distinguishable, the latter generally *718 bearing a broader connotation than the former. A county “ organization ” is a political institution consisting of all registered voters of a party in a county represented by a county “ committee ” which is elected pursuant to provisions of the Election Law. Thus, committeemen of a political party are trustees of voters’ rights and interest in party affairs. (Matter of Roosevelt [Curran], 9 Misc 2d 205, affd. 3 A D 2d 988.)
In the context of party backing and support, as manifested in the brochure, the same terminology creates inferences which becloud them genetically, and in fact would tend to mislead the recipients of the literature not educated to their distinction. The average recipient would either consider the terms synonymous or would construe indorsement by the “ organization ” to mean exactly what it states, which would be more misleading than treating the terms synonymously. The structure of the brochure in question is such as would be misleading to the voters who are endeavoring to make a choice.
Accordingly, the motion herein is granted, except as to the defendants Louis Busso and Mario Macri who have not been served. The defendants, Baymond 0. Skuse, Donald Goldstein, Edward S. Conway, Arthur McCormick, Theodore Bopp, Albany County Bepublican Committee, the Town of Bethlehem Bepublican Committee, the Town of Guilderland Bepublican Committee, are enjoined and restrained from circulating the brochure in question while it contains the words:
1 ‘ Designated by:
“-Albany County Bepublican Committee
“ Endorsed by:
“-The Town of Bethlehem Bepublican Organization,
‘1-The Town of Guilderland Bepublican Organization,
“-The 1st, 13th, 14th, 15th, 16th, and 18th Ward Bepublican Organizations.”
Plaintiff is directed to submit an order which shall be conditioned upon the approval by this court of a bond in the sum of $500 pending determination of this action.