Lawrence H. Cooke, J.
In this action for a judgment declaring (1) that the actions of defendants, other than defendant Bailey, in certifying Bailey elected as a Regent of the University of the State of New York are null and void, and (2) that defendants be directed to declare and certify plaintiff as such duly *1017 elected Regent, defendants other than defendant Brydges move for dismissal of the amended complaint.
The gist of the attacked pleading is: that when the Senate and Assembly met in joint session on February 21,1967, pursuant to section 202 of the Education Law, plaintiff and all other voters similarly situated ‘1 were denied the right of due process in the equal protection of the laws as guaranteed by the XIV Amendment to the constitution of the United States ’ ’, there being 57 Senatorial Districts and 150 Assembly Districts in the State, resulting in a “ grossly unfair weighting of the vote of each Assemblyman to the disadvantage of the vote of each Senator ”; that, based on the average number of citizens represented by each Senator and the average number of citizens represented by each Assemblyman according to the 1960 Federal census, each Senator’s vote should have counted as 2.62 votes as against one vote for each Assemblyman; and ‘ ‘ that plaintiff was duly elected to said office had the votes cast in his favor been counted other than as a single vote by each member of the Assembly and of the Senate voting.” The grounds advanced for dismissal by movants are: (1) that there is no authority under the Constitution or statutes for the use of weighted voting by the Legislature ; (2) that the Board of Regents is not a legislative body and not subject to the “ one man, one vote ” formula; (3) that the Board of Regents is not a representative body and is not subject to said formula; (4) that the Board of Regents may be selected by any method prescribed by law; (5) that plaintiff is not entitled to be declared to be the elected Regent even if the method used for selection of Bailey be declared invalid; and (6) that the court does not have jurisdiction to grant the relief prayed for in the complaint.
While an individual’s right to vote for State legislators is unconstitutionally impaired when its weight is in a substantial fashion diluted when compared with votes of citizens living in other parts of the State (Reynolds v. Sims, 377 U. S. 533, 568; cf. Iannucci v. Board of Supervisors, 20 N Y 2d 244, 249-250; Seaman v. Fedourich, 16 N Y 2d 94, 101-102), plaintiff has no such interest to protect since he could not vote for any member of the Board of Regents, said board not being a general elective organ and its members not being plaintiff’s elected representatives (Shanker v. Regents of Univ. of State of N. Y., 27 A D 2d 84, 86-87, affd. 19 N Y 2d 951).
The Board of Regents has been created as an administrative board (Shanker v. Regents of Univ. of State of N. Y., supra) and performs essentially executive, administrative or ministerial functions (e.g., Education Law, §§ 201, 202, 206, 208-211, 213-219, *1018 223, 229-233, 235-237, 239, 245-250, 254, 263, 267, 269, 292; see 52 N. Y. Jur., Schools, Colleges, Etc., pp. 43-44; 22 Carmody-Wait, New York Practice, pp. 159, 290-291.) Section 207 of the Education Law, entitled ‘ ‘ Legislative power ’ ’, provides in part: “ Subject and in conformity to the constitution and laws of the state, the regents shall exercise legislative functions concerning the educational system of the state, determine its educational policies, and, except, as to the judicial functions of the commissioner of education, establish rules for carrying into effect the laws and policies of the state, relating to education, and the functions, powers, duties and trusts conferred or charged upon the university and the education department ’ ’ (emphasis supplied). Although article IX of the Constitution of this State grants limited powers of local legislation to counties, cities, towns and villages, section 1 of article III of said Constitution provides: ‘ ‘ The legislative power of this state shall be vested in the senate and assembly ”; and, because of said article III provision, the Legislature cannot pass on its law-making functions to other bodies (Packer Collegiate Inst. v. University of State of New York, 298 N. Y. 184, 189; Matter of Mooney v. Cohen, 272 N. Y. 33, 37; Darweger v. Staats, 267 N. Y. 290, 304-305; Stanton v. Board of Supervisors, 191 N. Y. 428, 432; cf. Schumer v. Caplin, 241 N. Y. 346, 350-351). There is, however, no constitutional prohibition against the delegation of power, with reasonable safeguards and standards, to an agency or commission to administer the law as enacted by the Legislature (Buttfield v. Stranahan, 192 U. S. 470, 496; Field v. Clark, 143 U. S. 649; Matter of Federal Tel. & Radio Corp. [Corsi], 301 N. Y. 95, 99; Packer Collegiate Inst. v. University of State of New York, supra, p. 190; Matter of Village of Saratoga Springs v. Saratoga Gas, Elec. Light & Power Co., 191 N. Y. 123, 136-138; Matter of Aloe v. Dassler, 278 App. Div. 975, affd. 303 N. Y. 878; Matter of Barone [Waterfront Comm. of N. Y. Harbor], 18 Misc 2d 1066, 1069, affd. 8 A D 2d 783, affd. 7 N Y 2d 913).
For the reasons stated, the principle of “ one man, one vote ” has no relevancy here. (See, also, Sailors v. Board of Educ., 387 U. S. 105; Lynch v. Torquato, 343 F. 2d 370, 372; Kail v. Rockefeller, 275 F. Supp. 937; Davis v. Sullivan County Democratic Comm., 47 Misc 2d 60.) There is no provision of law permitting or requiring the application of a weighted voting system to such a joint session.
Motion to dismiss the amended complaint granted, on the ground that it fails to .state a cause of action (cf. Shanker v. Regents of Univ. of State of N. Y. supra).